UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TELIFERRO WITCHER,

        Plaintiff,                      No. 13-13844

v.                                  District Judge Marianne O. Battani
                                    Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On September 10, 2013, Plaintiff Teliferro Witcher filed a *pro se* civil complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Before the Court is Plaintiff's Notice of Voluntary Dismissal [Doc. #26], which I construe as a motion for voluntary dismissal. For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint be DISMISSED WITHOUT PREJUDICE.

**I.    BACKGROUND**

Plaintiff, who was employed by the Michigan Department of Corrections, filed his complaint on September 10, 2013. The Defendants were served between April 11 and April 16, 2014, and filed an answer on April 30, 2014 [Doc. #18]. The case was referred to me for all pretrial proceedings on May 1, 2014, and on June 4, 2014 I entered a scheduling order setting a discovery cut-off of January 19, 2015, and a dispositive motion cut-off of February 19, 2015 [Doc. #24]. Plaintiff filed his Notice of Voluntary Dismissal on December 15, 2014 [Doc. #26].

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 41(a) establishes the procedure for the voluntary dismissal of actions in federal court. Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by either filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared.  Where an answer has been filed, and where no stipulation of dismissal has been obtained, Rule 41(a)(2) provides as follows:

> (2) **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the courterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The decision to grant or deny a motion under Rule 41(a)(2) rests in the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994).  "When exercising its discretion, the district court asks and answers three questions: (1) whether the dismissal is appropriate; (2) if yes, whether the dismissal should be with or without prejudice; and (3) whether any terms or conditions should accompany the dismissal." *Tapco Intern. Corp. v. Dinesol Bldg. Products*, Ltd., 2007 WL 2710115, *2 (E.D.Mich. 2007), citing *Burnette v. Godshall,* 828 F.Supp. 1433, 1439 (N.D.Cal.1993), *aff'd,* 72 F.3d 766 (9th Cir.1995).

## III.    DISCUSSION

As Defendants have filed an Answer [Docket #18], Plaintiff is no longer entitled to voluntary dismissal without leave of court under Rule 41(a)(1). Plaintiff's motion [Doc. #26] requests dismissal without prejudice. Defendants have not filed a response or otherwise objected to that request.

A request for voluntary dismissal would be inappropriate under Rule 41(a)(2) if a defendant with a counterclaim objects to the dismissal and if the counterclaim could not remain pending for independent adjudication. *Id*. Here, the Defendants have neither filed a counterclaim nor objected to Plaintiff's voluntary dismissal of the complaint. Rule 41(a)(2) also provides that a voluntary dismissal is without prejudice "[u]nless the order states otherwise." There have been no pleadings or orders filed that address the merits of Plaintiff's claims, and I can discern no reason why a dismissal without prejudice should not be granted. Nor do I find that there should be any other terms or conditions that should accompany the dismissal. The complaint should therefore be dismissed without prejudice.

### IV.   CONCLUSION

I recommend that Plaintiff's Notice of Voluntary Dismissal be construed as a motion under Fed.R.Civ.P. 41(a)(2), that the motion/request be GRANTED, and that the complaint be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 7, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 7, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager
